UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DASHAWN LUCKEY,                                              **COMPLAINT AND**
                                                             **JURY DEMAND**
                Plaintiff,

      -against-                                              Case No.:

CITY OF NEW YORK, CORRECTION OFFICER "JOHN
DOE"

               Defendant.
------------------------------------------------------------------------X

Plaintiff Dashawn Luckey, by his attorney Martha Kashickey Grieco, Esquire, for his complaint alleges as follows:

PRELIMINARY STATEMENT

1. The claim arises from an incident that took place from June 9, 2015 through September 17, 2015 in which Officers of the New York City Department of Correction ("DOC"), acting under color of state law, violated Plaintiff's rights under the Constitution of the United States and the laws of the State of New York. Plaintiff was held at Rikers Island approximately a month past his legally imposed sentence.

2. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and such other and further relief as the Court deems just and proper.

NOTICE OF CLAIM

3. Within 90 days of the events giving rise to this claim, Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of. A 50H hearing was held on July 15, 2016.

## PARTIES

4.  Plaintiff Dashawn Luckey is a resident of Kings County in New York State.

5.  The City of New York ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline, retention and conduct of all DOC personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States and the State of New York.

6.  On information and belief, the individual correction officer defendant, whose real name is unknown to Plaintiff, was at all times here relevant a correction officer of the DOC, and as such was acting in the capacity of agent, servant and employee of the City of New York. On information and belief, Defendant correction officer Doe was involved in the miscalculation of Plaintiff's sentence and was deliberately indifferent to Plaintiff's wrongful incarceration despite repeated efforts by Plaintiff to have the error corrected. Defendant correction officer Doe is sued in his individual and official capacities.

7.  At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## **FACTUAL ALLEGATIONS**

8.  On May 2, 2014 Plaintiff pleaded guilty to criminal possession of a controlled substance in the seventh degree and was sentenced to probation. Plaintiff warranted from probation and returned on the warrant in Kings County Criminal Court on May 4, 2015.

9.     Plaintiff was resentenced on June 9, 2015 to a period of 6 months incarceration and he began to serve his sentence at Rikers Island. At the time of his sentence Plaintiff had already served 56 days.

10.    Persons serving a sentence of less than one year in city jail for a misdemeanor conviction serve two thirds of their sentence. Therefore, because of Plaintiff's credit for time already served, Plaintiff was originally set to be released on August 12, 2015.

11.    Plaintiff was not released until September 17, 2015.

12.    Plaintiff complained to DOC employees on numerous occasions about his sentence miscalculation. He complained verbally to Officers Ford, Chestnut and Mayo and Captain Hill at the George R. Vierno Center, and Captains Levy, Guttman, Whyte, Richards and Christopher and Deputy Warden for Security Phipps at the Eric M. Taylor Center. He also wrote several grievances.

13.    On August 18, 2015, Plaintiff filed an Article 78 petition in Bronx County Supreme Court under index number 340419-15 challenging his wrongful continued incarceration. No written reply was ever submitted by DOC.

14.    On September 16, 2015 Plaintiff appeared at the Rikers Island Judicial Center regarding his Article 78 petition. A judicial hearing officer appeared by video. The next day, he was released.

15.    Upon information and belief, defendant "John Doe" was responsible for calculating Plaintiff's sentence and responding to Plaintiff's complaints that his sentence was miscalculated. Officer "John Doe" never investigated or responded to Plaintiff's repeated complaints.

16.    Plaintiff served approximately an extra month in jail.

17. As a result of the foregoing, Plaintiff is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## DAMAGES

18. As a direct and proximate result of Defendants' deliberate indifference and negligence, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution;

   b. Violation of his New York State Constitutional right under Article I Section 5 to be free from cruel and unusual punishment, and Section 6 to due process of law, and Section 12 to be free from unreasonable seizures;

   c. Physical pain and suffering;

   d. Emotional trauma and suffering, including fear, emotional distress, frustration, deprivation of liberty, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
DEPRIVATION OF CONSTITUTIONAL RIGHTS VIA U.S.C. § 1983
(against individual officer defendant)

19. The above paragraphs are here incorporated by reference.

20. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving Plaintiff of his rights, privileges and immunities secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom from unreasonable searches and seizures of his person;

    b. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which Plaintiff was aware and did not consent;

    c. Freedom from deprivation of liberty without due process of law;

    d. Freedom from cruel and unusual punishment.

21. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ARTICLE I, §§5, 6, 12 OF THE NEW YORK STATE CONSTITUTION)

22. The above paragraphs are here incorporated by reference.

23. Defendants acted under color of law and conspired to deprive Plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment pursuant to section five, to be free from unreasonable seizure under section twelve, and to due process under section six, Article 1, of the New York State Constitution. By holding Plaintiff in custody beyond his legally imposed sentence, over his numerous objections to various officials, Defendants violated his state constitutional rights.

24. DOC and its officers, agents, servants and employees were responsible for the care, custody and control of Plaintiff during this period of time. Defendant City of New York is responsible for its officials' wrongdoing under the doctrine of *respondeat superior*.

25. Plaintiff has been damaged as a result of defendant's wrongful acts.

## THIRD CAUSE OF ACTION
(FALSE IMPRISONMENT)

26. The above paragraphs are here incorporated by reference.

27. Defendants intended to confine Plaintiff. Plaintiff was conscious of his

confinement and did not consent to it. The confinement was unlawful and not privileged.

28. DOC, its officers, agents, servants and employees, was responsible for the care, custody and control of Plaintiff during this period of time. Defendant City of New York is responsible for this wrongdoing under the doctrine of *respondeat superior*.

29. Plaintiff was damaged by this deprivation of liberty and false imprisonment.

### FOURTH CAUSE OF ACTION
(NEGLIGENCE)

30. The above paragraphs are here incorporated by reference.

31. Defendants had a duty, as the entity with complete control over Plaintiff's custody, movement, and communication, to release Plaintiff at the end of his legally imposed sentence.

32. By holding Plaintiff in custody beyond his legally imposed sentence, over his numerous objections to various officers at Rikers Island, Defendants breached their duty to Plaintiff.

33. DOC, its officers, agents, servants and employees, were responsible for the care, custody and control of Plaintiff during this period of time. Defendant City of New York, as employer of the DOC officials involved in Plaintiff's case, is responsible for their wrongdoing under the doctrine of *respondeat superior* because the officials' actions were taken under the scope of their employment by the City of New York and in furtherance of the City of New York's interest.

34. Plaintiff was seriously injured as a result of these officials' negligence.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

      A.      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

      B.      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

      C.      Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

      D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:  New York, New York
             November 1, 2016

Respectfully yours,
**TALKIN, MUCCIGROSSO & ROBERTS, LLP**


By: Martha Kashickey Grieco, Esq.
*Attorneys for Plaintiff*
40 Exchange Place, 18th Floor
New York, NY 10007
(212) 482-0007
marthag@talkinlaw.com


TO:
CITY OF NEW YORK
Corporation Counsel Office
100 Church Street
New York, NY 10007